[No. 6131. Decided August 15, 1906.]

JULIUS LIEDKE, *Respondent,* v. MORAN BROTHERS COMPANY, *Appellant.*[1]

MASTER AND SERVANT—SAFE PLACE—ASSUMPTION OF RISK. Where a servant is ordered to work upon a scaffold, he is not required to make an examination of the same to see if it is safe, since he has the right to assume, in the absence of apparent danger, that it is a safe place, although his work was that of taking down the scaffold.

SAME—ASSUMPTION OF RISK—FAULTY CONSTRUCTION OF SCAFFOLD—INSTRUCTIONS. An instruction to the effect that an employee, ordered to work upon a scaffold, does not assume the risk of faulty construction, is not inapplicable to the case by reason of the fact

[1]Reported in 86 Pac. 646.

that his work was that of taking down the scaffold, where his fall was due to faulty construction, and to the breaking of a cross-piece upon which he was standing while attempting to remove a cross-piece above him.

SAME—ASSUMPTION OF RISK—IMPUTED KNOWLEDGE.  In such a case, knowledge that the scaffold was being taken down because of its faulty construction could not be imputed to him.

SAME—TRIAL—INSTRUCTIONS—DAMAGES—ITEMS NOT PROVED.  In an action for personal injuries where there was no proof offered to sustain allegations of expenditures for medical attendance and hospital charges, it is not error to refuse a requested instruction to the effect that such items must be excluded by the jury, where by the instructions given there was no possibility that such items could have been considered.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 16, 1905, upon the verdict of a jury rendered in favor of the plaintiff for personal injuries sustained by an employee through the fall of a scaffold.  Affirmed.

*Peters & Powell,* for appellant, cited: *Steeples v. Panel etc. Box. Co.,* 33 Wash. 359, 74 Pac. 475; *Clark v. Liston,* 54 Ill. App. 578; *Bedford Belt R. Co. v. Brown,* 142 Ind. 659, 42 N. E. 359; *Wannamaker v. Burke,* 111 Pa. St. 423, 2 Atl. 500; *Eggleston v. Seattle,* 33 Wash. 671, 74 Pac. 806.

*Casey & Casey* and *John F. McLean,* for respondent.

DUNBAR, J.—This is an action for damages for personal injuries.  In brief, the plaintiff sets forth in his complaint, that on the 18th day of March, 1905, he was in the employ of the defendant corporation; that he was ordered and directed by a representative of the defendant company to mount a scaffold; that while he was at work on this scaffold it fell on account of its faulty construction; and that in consequence of this fall he sustained the physical injuries for which he seeks damages.  The answer admitted that the plaintiff was in the employ of the defendant and that he fell from a scaffold.  All the other allegations of the complaint are put in issue by the answer.  It was also affirmatively pleaded by the

answer that the danger of the situation was open and apparent; that plaintiff assumed the risk of being hurt by working in that situation; and that he was guilty of contributory negligence. The reply of the plaintiff denies the matters of affirmative defense. On the trial of the cause, judgment was rendered in favor of the plaintiff for $1,000. From this judgment this appeal is taken.

The first error assigned is that the court erred in overruling defendant's motion for a nonsuit at the close of plaintiff's case, for the reason that the plaintiff's case itself shows that, if he received any injury through a defective scaffold, the risk was one which he in law was presumed to have assumed; and further that his own case showed contributory negligence in his going upon the scaffold if it was such as he claimed it to have been. Appellant in support of this assignment relies largely upon the case of *Steeples v. Panel etc. Box Co.,* 33 Wash. 359, 74 Pac. 475. But that case, it seems to us, is very plainly distinguishable from the case at bar. There a night watchman fell from a second story eight-foot platform, there being no railing on one side of the platform where he fell off, he having been at work for some time on the platform and knowing of the absence of the railing, the platform being under his supervision and control, and lanterns being at hand for his use while working where it was dark; presenting a plain case of assumption of risk. But here the circumstances are entirely different. The respondent was ordered to work upon this scaffold and, in performing his duty, the scaffold, by reason of its faulty construction, fell and he was injured. There was no apparent danger. It is true that the plaintiff stated that he did not examine the scaffold when he went on to it, but under the uniform rulings of this court, and under the provisions of the law as announced ordinarily by the court, it is not the duty of a laborer, when ordered by the master to work, to make an examination of the place where he is required to work; for it is undisputed law that he has a right to assume,

in the absence of apparent danger, that the master has furnished him a reasonably safe place in which to work.

The second assignment embraces an objection to the following instruction:

"But there is an obligation which the law, for the protection of society, imposes upon the employer of labor, and that it is his duty to provide his employee with a reasonably safe place within which to work, and with reasonably safe appliances with which to work; he must exercise ordinary care in that respect, to see that a reasonably safe place and reasonably safe implements are provided, and the duty of reasonable inspection to see if that condition is preserved during the course of employment. The employee has a right to assume that his master has discharged that duty, and the master has a right to assume that the servant has discharged, and will discharge, the duty which the law imposes upon him. So, in approaching the case of the plaintiff, it is for you to inquire from the evidence whether the place at which this plaintiff was put to work, if he was put to work, was a reasonably safe place; and whether the apparatus upon which he was standing, if he was rightfully and properly there, was a reasonably safe apparatus. If you should conclude from the evidence that the plaintiff was put to work by the defendant on this scaffold, that he was there in the discharge of his duty, that the scaffold was insecurely built, that it was not a reasonably safe scaffold on which to require a man to stand while at work, then your verdict will be for the plaintiff in such a sum as would fairly compensate him for the injury sustained by reason of the said action," etc.

It is admitted by the appellant that this instruction stated the law properly as an abstract proposition, and that it would have been unobjectionable had the respondent been using the scaffold as a platform for other work; but where the work which he was engaged in was taking down that scaffold, it is insisted that the instruction was wholly misleading, for, if the fact that the scaffold was to be taken down was not of itself notice that its safety was not guaranteed, at all events there was no presumption of its safety for any purpose. It seems to us that there is no merit in this contention. If it is

a master's duty to furnish the servant a safe place in which to work, it is just as much his duty to furnish that safe place, where the work to be performed is the demolition or tearing down of a building, as where it is its construction in the first instance. Here the cross-piece, on which the respondent stood while undertaking to remove a board or cross-piece above him, broke and fell, precipitating the respondent to the ground. There seems to be no good reason for depriving the servant of the right to rely upon the assumption that he was furnished a safe place to stand in the performance of this duty. Nor could the knowledge be imputed to him that the scaffold was to be torn down for the reason that it was unsafe. It might be torn down for that reason, or for many other reasons which are conceivable.

It is also assigned that the court erred in refusing appellant's requested instruction number 13, which is as follows:

"While the plaintiff claims in his complaint that he has expended money for hospital bills, medicine, and physicians' services, this is challenged by the answer, and there has been submitted no proof of these items. You will, therefore, disregard the items, whatever your verdict."

This action was brought for $20,000, and it is alleged in the complaint that the plaintiff had been compelled to expend the sum of $250 for hospital charges and medicine, and the sum of $200 in procuring the attendance of physicians and surgeons. The verdict was for $1,000, and it is contended by the appellant that the $450 claimed for hospital bills and physicians' services might have been taken into consideration by the jury and have been incorporated in the verdict. We think the question of damages in this respect was fairly placed before the jury by the instructions given by the court, and that under such instructions, there is no possibility that the amount claimed and not proven was taken into consideration by the jury in arriving at their verdict.

We also think that the fourth assignment of error is without foundation, as there was sufficient testimony to go to the

jury tending to show that the respondent was ordered to work upon the scaffold by an authorized agent of the appellant. The case is a simple one. Respondent was put to work upon a structure of the appellant, which was faulty in its construction. This fault of construction was not so apparent as to devolve upon the respondent the duty of examination. While in the performance of his duty, a portion of the structure fell, and the respondent was thereby injured. The jury passed upon all the questions of fact, under instructions which were clear and concise and presented the issues to the jury fairly.

There being no error discernible, the judgment will be affirmed.

MOUNT, C. J., CROW, and FULLERTON, JJ., concur.