[No. 10559.   Department Two.   May 5, 1913.]

CHARLES H. ECKERT, *Respondent*, v. SOUND CONSTRUCTION AND ENGINEERING COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO SERVANTS—FELLOW SERVANTS—SCAFFOLD. A carpenter, engaged in framing timbers in the same building and in sight of a scaffold constructed the day before, and the carpenters who built the scaffold, all engaged in the general work of framing the roof, under one foreman, are fellow servants; and the former cannot recover for injuries sustained in the fall of the scaffold through negligence in nailing a support with only one nail, where the plan of the scaffold and the material furnished was good, the men were competent and the master was not guilty of any negligence.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 18, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a carpenter in a fall from a scaffold. Reversed.

*Hughes, McMicken, Dovell & Ramsey, Otto B. Rupp*, and *J. B. Joujon-Roche*, for appellant.

*Penrose L. McElwain* and *Will H. Thompson*, for respondent.

CROW, C. J.—Action by Charles H. Eckert against Sound Construction and Engineering Company, a corporation, to recover damages for personal injuries. From a verdict and judgment in plaintiff's favor, the defendant has appealed.

The sole question presented is whether the trial court erred in denying appellant's motions for a directed verdict and for judgment notwithstanding the verdict. Appellant, as contractor, was engaged in the construction of the roof of a round house for the Great Northern Railway Company, at Wellington, Washington. Respondent was a carpenter

[1]Reported in 131 Pac. 1121.

employed by appellant to frame heavy timbers to be used in the roof. He contends that, on November 12, 1910, while he was thus employed, appellant's foreman ordered him and one Swanson to go upon a scaffold and place several additional planks thereon; that while they were on the scaffold, a ledger board, held with only one nail, gave way and caused respondent and Swanson to fall; and that respondent fell a distance of 45 feet, inflicting the injuries of which he now complains. The accident in which respondent and Swanson were thus injured is the identical accident upon which the cause of *Swanson v. Sound Construction & Engineering Co.*, 67 Wash. 128, 120 Pac. 880, was predicated. A reference to the opinion there reported will disclose the manner in which, and the persons by whom, the scaffold was constructed. In that case we affirmed an order directing a verdict for the defendant, holding that Swanson was a fellow servant of appellants employees who constructed the scaffold, and that no negligence on appellant's part had been shown. We are unable to see how the judgment in this action can be sustained without overruling *Swanson v. Sound Construction & Engineering Co.*, and also overruling *Metzler v. McKenzie*, 34 Wash. 470, 76 Pac. 114, and *Muehlman v. Spokane & Inland Empire R. Co.*, 58 Wash. 327, 108 Pac. 764.

The undisputed evidence shows that Eckert was a carpenter employed by appellant; that he was injured on Monday, November 12, 1910; that on the previous Friday the scaffold, which was to be used in placing the timbers in the roof, was constructed by two other carpenters in appellant's employ; that while they were engaged in constructing the scaffold, respondent was framing timbers in the same building within sight of them, only a short distance away; and that all of these carpenter employees were subject to orders of the foreman. The only question is whether respondent, Eckert, was a fellow servant of the carpenters who constructed the scaffold and whose negligence is the only negligence shown.

11—73 WASH.

Respondent insists that this action should be distinguished from the *Swanson* case, by reason of the fact that on the preceding Friday, Swanson, a carpenter's helper, had, to some extent, assisted the carpenters who built the scaffold, and that he was their fellow servant; while respondent, who took no part in building the scaffold, was engaged in a different employment, and was not their fellow servant. He contends that, on the morning of the accident, he, with Swanson, was ordered upon the scaffold by appellant's foreman; that it was appellant's duty to provide him a safe place to work, which it failed to do; that, by reason of such failure, it was guilty of negligence; and that as respondent was not a fellow servant of the men who built the scaffold, he is entitled to recover in this action.

In view of the rule announced in *Metzler v. McKenzie, supra,* which has since been followed by this court, and in view of its further announcement in *Muehlman v. Spokane & Inland Empire R. Co., supra,* we are compelled to hold that respondent was a fellow servant of the men who built the scaffold. They were all carpenters employed by the appellant corporation, were engaged in the general work of framing the roof and preparing a scaffold to be used in its erection. No showing has been made to the effect that any of the workmen were incompetent, or that appellant had been negligent in their employment. There can be no question but that, at the time of the accident, Eckert and Swanson were fellow servants. In the *Swanson* case we held that he was a fellow servant of the men who built the scaffold. To now hold that Eckert was not their fellow servant, although he was injured in the same accident with his fellow servant, Swanson, would be drawing an exceedingly fine distinction in an attempt to distinguish this case from that of *Swanson.* On the authority of the *Swanson* case, and the other cases above mentioned, we hold that Eckert and the men who constructed the scaffold were fellow servants; that the only negligence proven was the negligence of such fellow serv-

ants; that appellant was guilty of no negligence; and that this action cannot be sustained. Respondent was seriously injured; but that fact, although deplorable, is not sufficient to authorize a recovery against appellant without any proof of negligence upon its part as the proximate cause of the accident. In justice to the trial court, it should be remarked that the final judgment and the order denying the motion for judgment notwithstanding the verdict were both entered in this action prior to the decision of the *Swanson* case by this court.

Reversed, and remanded with instructions to dismiss.

MORRIS and MAIN, JJ., concur.

ELLIS, J. (concurring)—In cases where temporary staging is used by carpenters, masons, painters, and persons in like employment, there is a duty upon the master in the alternative, either to furnish the staging as a completed structure for the use of the servants, or to furnish timbers and other materials sufficient and suitable for that work and require the servants to build the staging themselves. Labatt, Master and Servant, § 615.

When the master adopts the first alternative, he becomes liable for any injury resulting from a failure to use reasonable care, either in selecting the materials used or in the use of those materials in the actual construction of the staging. When he adopts the latter alternative, he is liable only when he has failed to furnish materials sufficient in quantity, or suitable in quality, or competent fellow servants, and the injury results from failure in all or any of these particulars. This distinction is recognized in the *Swanson* case, 67 Wash. 128, 120 Pac. 880, where the evidence showed that the only control exercised by the master or his representative in the actual construction of the staging was to furnish a plan, and as we said in that case: "The plan is a good one and is not questioned." The master having furnished sufficient and suitable materials and a good plan, and not having under-

taken to furnish the completed structure, was not liable for the failure of the men who did the work to use sufficient nails, in the absence of evidence of incompetence of these men. Had there been any evidence that the master had undertaken to furnish the completed staging for the use of the carpenters, or evidence that the injury resulted from a defective plan, the case should have been submitted to the jury upon such evidence. Since these men in the actual work of constructing the staging were doing a work incident to their employment, which the master had not undertaken to perform for them, they were fellow servants of the other carpenters.

I therefore concur.