[No. 13219. Department Two. June 9, 1916.]

J. W. COLLINS, *Respondent*, v. TERMINAL TRANSFER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURIES TO SERVANT — DEFECTIVE APPLIANCES. Where an auto truck was in a defective condition, requiring advancement of the spark in starting and rendering it dangerous to crank, the owner, charged with notice of the defect, is negligent and liable for injuries sustained in cranking by a driver's helper, who was ordered by the driver to take and operate the truck without giving him notice of the defect.

SAME—ASSUMPTION OF RISK—NOTICE OF DEFECT. A driver's helper does not assume the risk of a defect in an auto truck rendering it dangerous to crank, of which he had no notice, as the risk was not open and apparent.

SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. A driver's helper is not guilty of contributory negligence as a matter of law in attempting to start an auto truck, which stopped on a trip that he had been ordered to take, when he had no notice of a defect making it dangerous to crank it, and he had often, seen the driver start it by cranking.

SAME—FELLOW SERVANTS—SUPERIORS—SEPARATE PARTS OF WORK. The driver of an auto truck and his helper are not fellow servants as to a trip which the driver had ordered the helper to take, when the helper was injured through a defect in the truck of which he was not notified by the driver.

SAME—WORKMEN'S COMPENSATION ACT — EXTRA HAZARDOUS EMPLOYMENTS. Employment as helper to the driver of an auto truck is not classed as extra hazardous by, and is not within, the workmen's compensation act, 3 Rem. & Bal. Code, § 6604-1 *et seq.*; which act is therefore not a defense to an action by the servant against the master for personal injuries sustained in the course of his employment.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered July 3, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in cranking the engine of a motor truck. Affirmed.

[1]Reported in 157 Pac. 1092.

*H. M. Ramey, Jr.,* for appellant.
*Ballinger & Hutson,* for respondent.

MAIN, J.—This action was brought for the recovery of damages for personal injuries, alleged in the complaint to be due to the defendant's negligence. In its answer, the defendant denies negligence on its part, and pleads four affirmative defenses: (a) contributory negligence; (b) assumption of risk; (c) negligence, if any, of a fellow servant; and (d) that the plaintiff was engaged, at the time of his injury, in a work which brought him within the workingmen's compensation act. The affirmative defenses were denied by the reply. The cause was tried to the court and a jury, and resulted in a verdict for the plaintiff in the sum of $800. Motion for judgment notwithstanding the verdict having been made and overruled, judgment was entered upon the verdict. From this judgment, the appeal is prosecuted.

The facts, which are either not disputed, or which from the evidence the jury had a right to find, are briefly as follows: One R. M. McDaniels was employed by the defendant as a driver of one of its automobile trucks. The respondent was employed as a helper. On September 12, 1914, while the respondent was attempting to crank the engine of the automobile truck, it kicked back and broke his arm. Prior to this time, the respondent had worked as a helper to McDaniels upon the truck for approximately two months. During this time, while riding with McDaniels upon the seat, the respondent had learned to drive the car upon a smooth road, and to start and stop the same. He had frequently seen McDaniels crank the engine, but he had never himself attempted to crank it prior to the time he was injured. The respondent had no knowledge of how to adjust the spark prior to cranking the engine. He did not know that, if the spark was advanced, the engine was likely to kick back.

On the morning that the accident happened, McDaniels directed the respondent to take the truck and go to a garage

for the purpose of getting certain equipment which was necessary for handling an order of freight which had been received. The respondent took the automobile and drove to the garage, got the equipment for which he had been sent, and in backing the automobile out of the garage the engine stopped. He thereupon attempted to crank it, and received the injury. When the truck was turned over to him by McDaniels, the spark was advanced. Owing to a defect in the magneto it was necessary to operate the truck with the spark advanced in order to get sufficient power; and it was also necessary in starting the car, owing to this defect, to keep the spark advanced. To crank the engine with the spark advanced was dangerous, for it was likely to kick back. The car had been in this defective condition for some time previous to the accident, and the appellant, in the manner in which it had provided for such notice, had been notified of this fact by McDaniels. The respondent had no knowledge of the defect in the machine. The respondent, as helper, was required to take orders from McDaniels. As helper he was not permitted in the office of the company; and notice of this fact was posted therein.

The assignments of error all go to the question as to whether the evidence was sufficient to take the case to the jury. There is no claim of error, either as to the instructions given or refused. From the facts stated, it appears that the engine of the truck was in a defective condition, which made the cranking thereof dangerous. The appellant was chargeable with notice of this fact. It is a familiar rule of law that it is the duty of the master to use reasonable care to furnish a servant with reasonably safe instrumentalities with which he is to do his work. *Norman v. Alaska Coast Co.*, 81 Wash. 64, 142 Pac. 434. Under this rule, the respondent is entitled to prevail, unless it can be said, as a matter of law, that one or more of the appellant's affirmative defenses defeat recovery.

As to the defense of assumption of risk, the respondent did not know the defective condition of the engine, and by the exercise of reasonable care could not have ascertained its condition. Neither was the defect open, apparent, or obvious. This defense cannot be sustained.

The defendant was not guilty of contributory negligence, as a matter of law, in attempting to crank the automobile under the attendant circumstances. It was for the jury to say whether he acted as a reasonably prudent man would under like or similar circumstances. He was directed by McDaniels, from whom he was required to take orders, to take the truck and go to the garage for the purpose of getting the equipment. While upon this trip the engine stopped. He had frequently seen McDaniels crank the engine, and having no knowledge of the defect therein, it was reasonable for him to attempt to start it again without returning and summoning McDaniels for that purpose.

Whether the respondent and McDaniels were fellow servants when they were working together in loading and unloading the truck we need not here inquire. The fellow servant doctrine is not applicable to this case. Fellow workmen may be fellow servants with regard to some particular part of an employment, and not as to other parts. *Sroufe v. Moran Bros. Co.*, 28 Wash. 381, 68 Pac. 896, 92 Am. St. 847, 58 L. R. A. 313. The respondent's injury was due to a defective appliance furnished by the master. In using this instrumentality, he was acting in obedience to orders from McDaniels, which it was his duty to obey.

The respondent was not engaged in an employment which brought him within the provisions of the workingmen's compensation act. 3 Rem. & Bal. Code, ch. 7, § 6604-1 *et seq*. The employment in which he was engaged is not classified in that act as extra-hazardous. Neither has it been so classified by the industrial insurance commission. Upon this question the case is controlled by *Guerrieri v. Industrial Insurance Commission*, 84 Wash. 266, 146 Pac. 608.

Since it cannot be held, as a matter of law, that any of the appellant's affirmative defenses are sufficient to defeat recovery, it follows that the judgment must be affirmed, and it is so ordered.

Judgment affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and CHADWICK, JJ., concur.