[No. 15338. Department Two.    October 15, 1919.]

ELIZABETH C. GOWEY, *Appellant,* v. SEATTLE LIGHTING COMPANY, *Respondent.*[1]

MASTER AND SERVANT (20-1) — WORKMEN'S COMPENSATION ACT — "WORKSHOP"—STATUTES. A gas company's general office for clerical work in which a clerk operated a power-driven machine to make zinc plates or stencils for printing gas bills is a "factory" or workshop, within the meaning of the workmen's compensation act, Rem. Code, §§ 6604-3, 6604-4, precluding actions for personal injuries by employees.

SAME (20-1)—EXTRA HAZARDOUS EMPLOYMENT—OPERATING STENCIL IMPRINTOR. The operation of a power-driven machine to make zinc plates or stencils for printing gas bills, by a woman clerk employed in the general office at clerical work for the larger part of the time, is "extra hazardous," within the workmen's compensation act, Rem. Code, §§ 6604-3, 6604-4, precluding actions for personal injuries by employees: and it is immaterial that, when the machine was in perfect order, injury was practically impossible.

SAME (121-2)—WORKMEN'S COMPENSATION ACT—REMEDIES—STATUTES—AMENDMENT. Laws 1917, p. 487, amending Rem. Code, § 6604-8,

[1] Reported in 184 Pac. 339.

relating to employers who are in default in contributing to the accident fund, does not preserve to the injured workman a right of action against such an employer.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 11, 1919, upon the pleadings and stipulated facts, dismissing an action for personal injuries sustained by a servant. Affirmed.

*James Kiefer,* for appellant.

*Poe & Falknor,* for respondent.

PARKER, J.—The plaintiff, Elizabeth C. Gowey, commenced this action in the superior court for King county, seeking recovery of damages for personal injury which she claimed resulted to her from the negligence of the defendant lighting company. One of the defenses set up by the defendant in its answer is that the injury for which the plaintiff seeks recovery was received by her while engaged in an extra-hazardous employment within the meaning of the workmen's compensation act, and that therefore she must recover, if at all, from the accident fund provided for in that act. The cause was decided by the court in favor of the defendant and against the plaintiff upon this defense at the beginning of the trial, as a matter of law. While the question was first presented to the court in the form of a motion for judgment in favor of the defendant upon admitted facts appearing in the pleading, there were some additional facts agreed upon by counsel for both sides and stated to the court upon the argument of the motion. These additional facts appear in this record by statement of facts duly settled and signed by the trial judge. From the judgment of dismissal rested upon the facts so appearing, the plaintiff has appealed to this court.

The controlling facts may be summarized as follows: "defendant is . . . a corporation . . . and

owns and operates a plant for the manufacture and sale of gas in the city of Seattle, and maintains in connection therewith general offices  .  .  . On the 24th day of April, 1918, the plaintiff was in the employment of the defendant and engaged in the operation of a Multiple Head Imprintor of the Type 'F,' and that it was the duty of the plaintiff, in the operation of said machine, to make certain zinc plates or stencils for the printing of gas bills.  .  .  . said machine is run by electric power, and in its complete condition has in front of the dies a metal guard placed thereon to prevent the crushing or catching of fingers of the person operating said machine, and prior to said 24th day of April, 1918, and by the orders of said Miller in charge of said office, the said guard had been removed from said machine in order to speed up the operation thereof, and said removal was unknown to the plaintiff, and had said guard been on said machine the accident to plaintiff could not possibly have occurred." The machine "was used in the office of the defendant as an office device or appliance." The plaintiff was a clerk in the general office of the defendant, and while the larger part of her duties were clerical, it was also a part of her employment to operate this machine. Plaintiff's hand was injured by the die of the machine coming down upon her hand when the electric power was applied by another, at a time when she was not expecting the machine to start. In view of our conclusion touching the correctness of the decision of the trial court, it is not necessary for us to further notice the manner or extent of the plaintiff's injury, or the alleged negligence of the defendant.

Among the extra-hazardous works enumerated in the workmen's compensation act, Rem. Code, § 6604-2, are "factories, mills and workshops where machinery

16—108 WASH.

is used." In § 6604-3, as amended by Laws of 1917, p. 474 "factories" and "workshop" are defined as follows:

"Factories mean undertakings in which the business of working at commodities is carried on with power-driven machinery, either in manufacture, repair or change, and shall include the premises, yard and plant of the concern.

"Workshop means any plant, yard, premises, room or place wherein power-driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise in or incidental to the process of making, altering, repairing, printing, or ornamenting, finishing or adapting for sale or otherwise any article or part of article, machine or thing, over which premises, room or place the employer of the person working therein has the right of access or control."

In section 6604-4, Rem. Code, as amended by Laws of 1917, page 477, under the general heading "Factories Using Power-Driven Machinery" are enumerated, among other things, for the purpose of specifying the amounts to be contributed towards the accident fund by employers, the following: "stamping tin or metal," "canneries, metal stamping extra"; "zinc, brass or lead articles or wares not otherwise specified"; "printing." It seems plain to us that the word "factories," as used in the general heading under which these enumerations appear, is used in a very general sense and means workshops as well, since there is no general heading containing the word "workshop," and the above quoted items are as appropriate to work done in workshops as in factories.

Was the office of the defendant a "factory" or "workshop" wherein power-driven machinery was being employed, in so far as the operation of this machine by electric power in the making of zinc plates or stencils was concerned, within the meaning of the workmen's

compensation act? We think it was. It is plain that the machine was a power-driven machine and that the operation of it in the making of zinc plates or stencils was the manufacture and change of zinc plates into the form of stencils; we also think the conclusion cannot be escaped that such work was extra-hazardous, regardless of the fact that it may have been carried on in the general offices of the defendant rather than in some place apart from the offices. Plainly, it was not clerical work. Its character, to our mind, was not different than if it had been carried on in a manufacturing plant devoted exclusively to such work. We are equally convinced that the plaintiff was engaged in extra-hazardous work when she was operating this machine, though she also had other duties of a clerical nature, even though such duties constituted the larger part of her employment. The following decisions lend support to these conclusions: *Wendt v. Industrial Insurance Commission*, 80 Wash. 111, 141 Pac. 311; *Guerrieri v. Industrial Insurance Commission*, 84 Wash. 266, 146 Pac. 608; *Replogle v. Seattle School District No. 1*, 84 Wash. 581, 147 Pac. 196; *State v. Business Property Security Co.*, 87 Wash. 627, 152 Pac. 334; *Remsnider v. Union Sav. & Trust Co.*, 89 Wash. 87, 154 Pac. 135, Ann. Cas. 1917D 40.

Some contention is made rested upon the fact, which for present purposes we may deem as admitted, that the machine when in perfect working order with all of its attachments in place rendered injury to the operator practically impossible. Such might be said of many machines to be found in factories and workshops, but the fact remains that it was possible for the machine to be in such condition that an operator's hand could be crushed. Plainly, we think, the impossibility of injury to the operator of a machine when it is in perfect order does not render its operation

other than extra-hazardous employment within the meaning of the compensation act.

Some contention is made rested upon the fact that the defendant had failed to pay into the accident fund the amount it would be required to contribute thereto because of the employment of the plaintiff and others in the operation of this machine. This contention is rested upon Rem. Code, § 6604-8, relating to employers who are in default in such payments, and preserving to an injured workman his right of action against such defaulting employer. This, however, is no longer the law, since that section was amended by the Laws of 1917, p. 487, wherein the right of action existing in favor of an injured employee against such defaulting employer is not preserved as it was under that section as originally enacted. *Freyman v. Day, ante* p. 71, 182 Pac. 940.

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

HOLCOMB, C. J., BRIDGES, and MOUNT, JJ., concur.