[No. 20147.  Department Two.  April 1, 1927.]

JOHN PARKER, *Respondent*, v. PANTAGES THEATER
COMPANY, *Appellant*.[1]

[1] MASTER AND SERVANT (20-1)—MASTER'S LIABILITY—WORKMEN'S
COMPENSATION ACT.  One employed by a theater company to
wash an electric sign, which was usually done by the stage
hands, is not employed in an extrahazardous employment as
defined by the workmen's compensation act, Rem. Comp. Stat.,
§ 7676, including stage hands and window washers, since he was
not employed in either capacity, the intention of the act being
to include only the employments specified, or thereafter found
by the commission to be extrahazardous.

[2] SAME (43, 154)—MASTER'S LIABILITY—SAFE PLACE FOR WORK—
PLATFORMS AND SUPPORTS—QUESTION FOR JURY.  A finding of a
master's liability to a servant for the fall of a scaffolding is
sustained by evidence that the ropes supporting the scaffold
were not sufficient to sustain the weight, and that a proper
inspection had not been made, or a reasonably safe design
adopted.

Appeal from a judgment of the superior court for
Spokane county, Carey, J., entered April 7, 1926, upon
the verdict of a jury rendered in favor of the plain-
tiff, in an action for personal injuries.  Affirmed.

*Post & Russell* and *Ryan & Desmond,* for appellants.
*Robertson & Paine,* for respondent.

MACKINTOSH, C. J.—The appellant operates a theater
in the city of Spokane and on August 12, 1925, there
was attached to the front of the building a large ver-
tical, electric sign, and on that day the appellant de-
sired to have the light globes in the sign washed and
employed the respondent, an inexperienced man, to
assist in doing the work.  It was necessary for a
scaffold to be made and furnished by the appellant,
and on this scaffold the respondent was standing when

[1]Reported in 254 Pac. 1083.

it broke; he fell some twenty feet onto the cement roof and was as a result permanently injured, and this action has been brought for the recovery of damages which he has sustained. The trial resulted in a verdict and judgment in the respondent's favor, and on this appeal the many assignments of error present but three questions for determination.

[1] It is strongly urged that the respondent is not entitled to recover by reason of the fact that he was an employee engaged in an extrahazardous occupation and that his only source of recompense is under the workmen's compensation act. Appellant says that, having paid premiums into the state fund on its stage-hand employees, it has brought itself within the operation of the act. This position, however, is not tenable, for the reason that, although ordinarily the washing of this sign was assigned to the appellant's stagehands, the respondent was not such a stage-hand, having been employed only for this one particular piece of work of short duration. The question is whether the respondent was engaged in an extrahazardous occupation at the time he received his injury. Whether an occupation is in law extrahazardous, or not, depends upon whether the act has so declared it or it has been so found by the industrial insurance department. Rem. Comp. Stat., § 7674 [P. C. § 3469]. Under § 7676, Rem. 1923 Sup., various industries are classified as extrahazardous, and in that classification the only ones which can approximate the occupation in which the respondent was engaged are those of "window washing" and "washing or cleaning buildings"—both appearing in class 5-1—or theater stage employees in class 45-1.

Unless the respondent's occupation comes within one of these descriptions, the court has no right to make a new classification by interpretation, for it was the intention of the act, as expressed in Rem. Comp. Stat.,

§ 7674, to embrace all hazardous works and occupations in the enumeration made in the statute. We have already noted that the respondent can not be classified as a theater stage employee, for he was not engaged in the ordinary occupation of such an employee; nor can he be classed as a window washer, for he was not engaged for or in that occupation. The only remaining classification is that of washing and cleaning buildings, and signs such as the one upon which the respondent was at work are not ordinarily parts of the buildings to which they are attached (*Ballard v. Alaska Theater Co.*, 93 Wash. 655, 161 Pac. 478); nor are they ordinarily washed by the owners of the building. Where they are to receive cleaning or repairs, the work is done by the tenant who has erected the signs and who owns them.

It clearly was not the intention of the legislature to classify such incidental work done by the owners of signs as a separate extrahazardous occupation, for it is well known that there is a distinct employment of persons engaged in washing and cleaning buildings and that this work is usually done by independent concerns which are engaged exclusively in that and similar work. It was clearly the intention of the legislature, in classifying that as an extrahazardous occupation, to cover those engaged in that occupation. Moreover, by specifying building washing and cleaning and making a separate classification of window washing, it is evident that the legislature did not intend to include the cleaning and washing of signs, otherwise it would have also made a separate classification therefor. We can not hold that the cleaning of an advertising sign comes within the classification of washing and cleaning buildings. While it is true that the work of cleaning these signs may be dangerous, it has not been recognized

either by the legislature or by the department as constantly and inherently so, and until that is done, the employee engaged in that work must seek his compensation, not under the act, but under his common law right. This has been the rule announced many times by this court and finding expression first probably in *Guerrieri v. Industrial Insurance Commission,* 84 Wash. 266, 146 Pac. 608, in this language:

"The manifest intent of the law is not to cover and compensate for accidents generally, but to cover accidents occurring in those employments or occupations which are specifically classed as, or which may be found by the commission to be, extra hazardous."

In that case an employee was injured while operating a passenger and freight elevator, and, although concededly a dangerous occupation, not having been classified as extrahazardous, the employee could not take under the act.

In *Remsnider v. Union Savings & Trust Co.,* 89 Wash. 87, 154 Pac. 135, Ann. Cas. 1917D 40, the employee was a janitor who was injured while engaged in cleaning the walls of an elevator shaft wherein an elevator was operated by electrical power. This occupation was held not extrahazardous within the meaning of the compensation act, although the work was a dangerous one. It was said that, while there is a hazard in all employments, statutory compensation only was made for those injuries received in employments which were enumerated as extrahazardous and recognized as inherently and constantly dangerous.

*Collins v. Terminal Transfer Co.,* 91 Wash. 463, 157 Pac. 1092, the employment of a helper to the driver of an auto truck not having been classed as extrahazardous, although in fact dangerous, allowed such helper to recover against his employer for injuries which he received.

In *Barney v. Anderson,* 116 Wash. 352, 199 Pac. 452, damages for an injury received while engaged in work in connection with the operation of a hay-baling machine were not recoverable under the industrial insurance act, although the work was in fact hazardous; but not having been so classified, the employee was forced to seek his relief by means of a common law action.

So it has been consistently held that, although an occupation may be in fact hazardous or extrahazardous, if it has not been so recognized by the legislature in making its classification, or subsequently by the industrial insurance department, there can be no recovery from the compensation fund for injuries received while engaged in such work. The cases of *Wendt v. Industrial Insurance Commission,* 80 Wash. 111, 141 Pac. 311; *Replogle v. Seattle School District No. 1,* 84 Wash. 581, 147 Pac. 196; *State v. Business Property Security Co.,* 87 Wash. 627, 152 Pac. 334; and *Gowey v. Seattle Lighting Co.,* 108 Wash. 479, 184 Pac. 339, cited by the appellant, do not announce a doctrine contrary to this, for they are cases which held that, where an employee was engaged in a work which had been classified as extrahazardous, although it was not the principal business of his employer and may have occupied only an incidental or inconsequential place in the employer's regular business, still such an employee who was injured could only recover under the compensation act and had no right of action against his employer.

So here, if the legislature or the industrial insurance department had classified advertising sign washing as an extrahazardous occupation, although it may have been only a very infinitesimal part of the activities of the theater company, the respondent, injured in such work, would have been forced to look for his recom-

pense to the state fund and could not have prosecuted this action; the test being whether the occupation has or has not been classified as extrahazardous in law, no matter what it may be in fact.

Under this head it is urged, further, however, that the respondent, having presented his claim to the industrial insurance department, having been allowed compensation and his claim having been approved, is bound by that selection and can not avail himself of his common law right. A sufficient answer to this is that the industrial insurance department was in error in approving his claim and he is liable for the return to that fund of anything that he may have received from it, and is not thereby foreclosed from pursuing the remedy to which he is entitled under the law. He is not to be penalized for the mistaken belief that he had a right under the compensation act. There is no question of election of remedies, for he had no election. He had only one remedy open to him, and the fact that he may have received something to which he is not entitled, but which he must return, does not foreclose him from exercising the rights which he originally had.

[2] The next assignments of error relate to the claimed failure of proof of any negligence on the part of the appellant. The appellant's liability rests upon its failure to provide its employees with proper appliances for doing the work to which they were assigned. It is not necessary, as was pointed out by the cases referred to by the appellant, that the employer furnish the best and safest kind of appliances to be used for the purpose, but it is an employer's duty to furnish appliances sufficient and suitable for the work, and the question of fact was presented for the jury to determine whether that duty had been performed. There was sufficient evidence from which the

jury were warranted in finding that the ropes supporting this scaffold were not sufficient to sustain the weight put upon them, that the employer had not made a proper inspection to discover latent defects, and that the scaffold itself was not of a reasonably safe design. *Liedke v. Moran Brothers Co.,* 43 Wash. 428, 86 Pac. 646, 117 Am. St. 1058; *LaBee v. Sultan Logging Co.,* 47 Wash. 57, 91 Pac. 560, 20 L. R. A. (N. S.) 405; *Cheatham v. Hogan,* 50 Wash. 465, 97 Pac. 499, 22 L. R. A. (N.S.) 951; *Eckert v. Sound Construction & Engineering Co.,* 73 Wash 320, 131 Pac. 1121; *Hamre v. Rothschild Co.,* 136 Wash. 522, 240 Pac. 909.

There being sufficient evidence of negligence to warrant submission of that question to the jury and the instructions being unexcepted to, the jury's determination that there was negligence is one which this court can not interfere with.

The final error complained of is the large amount of the verdict. While it is true that the jury found for the respondent in a very substantial sum, a reading of the testimony is conclusive that the respondent suffered severe, painful and permanent injuries and disabilities; and, there being no standard weight or measure by which to fix the compensation for such injuries, and the verdict not being so large as to stamp itself with passion and prejudice, there is no way in which this court can or should interfere.

We therefore affirm the judgment as rendered.

TOLMAN, C. J., BRIDGES, MITCHELL, and ASKREN, JJ., concur.