A butcher or assistant chef in a hotel, whose duty is to distribute
meats to the cooks as ordered, whose knife accidentally slipped, while bon-
ing a leg of mutton on the butcher block, and severed an artery in his
groin, resulting in hemorrhage and death, was not within Workmen's
Compensation Law (Consol. Laws, c. 67; Laws 1913, c. 816, as re-enacted
and amended by chapter 41, Laws 1914, and by chapter 316, Laws 1914),
§ 2, groups 30 and 33, declaring the manufacture or preparation of meats
or meat products and the canning or preparation of foodstuffs to be "haz-
ardous employment," for injury in which such compensation shall be pay-
able; since the word "preparation" does not mean the ordinary prepara-
tion of meat and foodstuff for cooking purposes, but involves a prepara-
tion by some mechanical device, or a preparation which either changes
the form or the nature of the material to render it suitable for use.

[Ed. Note.—For other definitions, see Words and Phrases, First and
Second Series, Preparation.]

Appeal from Workmen's Compensation Commission.

In the matter of the claim of Anna de la Gardelle for compensation
to herself and child, under the Workmen's Compensation Law, for
the death of Peter de la Gardelle, against the Hampton Company, em-
ployer, and Fidelity & Deposit Company of Maryland, insurer.   From
a determination of the Workmen's Compensation Commission deny-
ing the claim, claimant appeals.   Determination affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

Joseph M. Gazzam, of New York City, for claimant appellant.

Jeremiah E. Connor, of New York City, for State Workmen's Com-
pensation Commission.

Egburt E. Woodbury, Atty. Gen.

Walter G. Evans, of New York City, for respondents Hampton Co.
and Fidelity & Deposit Co. of Maryland.

LYON, J.   The deceased was employed as a butcher, or assistant
to the chef, at the Hampton Hotel, in Albany.   His duty was the dis-
tribution of meats to the cooks as ordered.   While boning a leg of mut-
ton on the butcher block, his knife accidentally slipped and severed an
artery in his groin, resulting in femoral hemorrhage, causing his death.

Concededly, his death arose out of and in the course of his employ-
ment, and was not occasioned by any of the excepted causes stated in
the Workmen's Compensation Law (Consol. Laws, c. 67; Laws of
1913, c. 816, as re-enacted and amended by chapter 41, Laws of 1914,
and amended by chapter 316, Laws of 1914).

The Hampton Company had secured compensation to its employés
by insuring with the Fidelity & Deposit Company of Maryland.   His
widow, as dependent upon her husband for support at the time of his
death, presented a claim for compensation.   After a hearing duly had,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Compensation Commission, holding that the deceased was not engaged in a hazardous employment within the meaning of the state Workmen's Compensation Law, unanimously denied the claim of the widow for compensation. From such decision, this appeal has been taken.

The appellant contends that the deceased was engaged in a hazardous employment embraced within groups 30 and 33 of the Workmen's Compensation Law, which read as follows:

"Group 30.  Packing houses, abattoirs, manufacture or preparation of meats, or meat products, or glue."

"Group 33.  Canning or preparation of fruit, vegetables, fish, or foodstuffs; pickle factories and sugar refineries."

It was the opinion of the commission that the preparation of meats, and the preparation of foodstuffs, as the word "preparation" was used in section 2 of the Workmen's Compensation Law, did not mean the ordinary preparation of meat or foodstuffs for cooking purposes, but involved a preparation by some mechanical device, or a preparation which either changed the form of the material to render it suitable for use, or changed the nature of the material for the same purpose. Under this construction of the law, the commission denied the claim of appellant for compensation.

We think the claimant was not entitled to compensation, and that the determination of the Workmen's Compensation Commission should be affirmed, but without costs. All concur.

WOODWARD, J. I concur and vote to affirm the unanimous determination of the State Workmen's Compensation Commission that the claimant's husband was not, at the time the mishap which inflicted upon him mortal injury, engaged in an employment which the Legislature has designated as "hazardous." As the result of extensive investigations conducted under legislative authority, by the so-called Wainwright Commission, the State Factory Investigating Commission, and the State Department of Labor, the Legislature enacted in 1914 the Workmen's Compensation Law, embodying a new plan, theory, and basis of indemnity to workmen for loss of earnings occasioned by accidents occurring in the course of employment found to be inherently hazardous.

Within the employments determined by the Legislature to be "hazardous," and consequently designated by it as embraced within the purview of the statute, the latter should be beneficially construed to effectuate the legislative purpose; but it is no function of this court to extend by judicial determination the category of occupations entitled to the protection of the statute. Determination as to what employments shall be brought within the operation of the Workmen's Compensation Law involves questions of fact and questions of policy which the Legislature and Governor must determine. This court is without power or information entitling or enabling it to alter or extend the legislative determination.

Groups 30 and 33 of section 2 of the statute under consideration, which enumerates and defines hazardous employments, cannot, in my

judgment, be regarded as covering any employment consisting of the preparation of meat or foodstuffs for cooking purposes, in the ordinary course of household duties, domestic service, or the conduct of hotels or restaurants in which meats or foods are prepared and cooked for eating on the premises. These groups, as phrased by the Legislature, relate obviously to employment in industrial establishments or manufactories where meats, fruits, vegetables, and similar foodstuffs are prepared for sale for consumption elsewhere. The Legislature cannot fairly be deemed to have brought within the purview of group 30 or 33 those workers who sustain injury in the ordinary course of the preparation of food for cooking in the kitchens of private residences or public restaurants. If it is deemed socially desirable that the statute be extended to any of those avocations, the recommendation should be addressed to the Legislature, and not to the court.