Charles F. Claiborne, Judge
ELLA ALEXANDER
        Appellant

No. 7373

vs

Tharp-Bultman-Southeimer Company

January 10th, 1921.

Charles F. Claiborne, Judge.

ELI ALEXANDER,

vs                                                  No. 7373.

THARP-BULTMAN-SOUTHERN COMPANY

Appeal from Civil District Court, Hon. Geo. H.
Theard, Judge.

CHARLES F.CLAIBORNE, JUDGE.

This is a suit under the Workmen's Compensation Act
No. 20 of 1914 and No. 243 of 1916.

The plaintiff alleges that she is "of lawful age", meaning thereby, according to the sense in which those words are used by attorneys at law in their petitions, that she is above the age of twenty-one years; that she is the daughter of the late Harrison Alexander; that on January 13th, 1917, her father was employed by the defendants as carriage-driver; that said employment was a hazardous occupation under the Workmen's Compensation Acts; that on said date, while her father was in the performance of his duty of driving a carriage for his employers, he was run into by an automobile and thrown to the ground, and so severely injured that he died as a consequence of his injuries three days afterwards, on January 21st, 1917; that the wife of Harrison Alexander, who was the mother of petitibner is dead, and that petitioner is his sole heir; that at the time of the death of her father petitioner was living with him, and was wholly dependent upon him for support and maintenance; that at the time of his injuries he was earning $12 a week; that she is entitled to recover from the defendants compensation amounting to $6 a week for 300 weeks commencing January 31st, 1917 until the sum of $1800 is paid to her.

The defendants excepted on the ground that the petition disclosed no cause of action for the following three reasons:

1o  That neither Act No. 20 of 1914 nor Act 243 of 1916 denominates carraige-driving as a "hazardous" occupation;

2o  That plaintiff being of full age, and neither mentally nor physically incapacitated from earning a living, is not entitled to any of the benefits of said acts;

3o  Plaintiff did not allege that the defendants had received notice or had knowledge of the accident.

2

The defendants also filed an answer, under the practice of the Courts, at the same time that they filed their exception.

There was judgment maintaining the exception of no cause of action and rejecting plaintiff's demand. Plaintiff has appealed, but has not assisted us with any brief.

It. It must be conceded that unless the occupation of Alexander was enumerated or classed by the Statute as a "hazardous" occupation he could have no standing in Court to recover compensation under its provisions. Some compensation acts extend their protection to all employments of whatever kind, excepting some only;- other acts limit their protection to specific occupations specially enumerated or mentioned as "hazardous".

> "Where the statute is confined to hazardous employments, no employment can be treated as such, unless it is, by a fair construction of the act, declared so to be". C.J. Pamphlet p 41, 42.

The express mention of a number of occupations as "hazardous" necessarily excludes those not mentioned. 146 Pac., 608; 156 N. Y., Supp. 905; 167 App. Div.617; 153 N.Y., Supp. 162; 72 N. Y., Supp. 91; 111 N. Y., Supp. 833; 1 Honnald on Workmen's Compensation 329.

In the long list of "hazardous" occupations enumerated in ₲ 2 of Sec. 1 of the Act of 1914, we fail to find that of driver of carriages or vehicles, or any other occupation which, by a reasonable or liberal interpretation, could be assimilated to that of carriage-driver; nor has the plaintiff pointed out to us under what denomination he claims to be included. The learned judge of the District Court was of that opinion.

This question has already received our attention in the case of Dejan vs Ujffy, 14 Ct.App., 230. In that case we decided that the driver of a freight and delivery wagon drawn by a mule employed by a wholesale dealer in fruits did not come within the occupation designated as hazardous in the Statute of 1914.

Neither can the plaintiff find relief in ₲ 3 or ₲ 4 of Section 1 of the Act which reads as follows:

> "3 If there be or arise any hazardous trade, business, or occupation or work other than these hereinabove enumer-

3

erated, it shall come under the provisions of this Act.
The question of whether or not a trade, business, or occution not named herein is hazardous may be determined by agreement between the employer and employee, or by submission at the instance of either employer or employee to the Judge of the Court which shall have jurisdiction over the employer in a civil case. The decision of the Court shall not be retroactive in its effect".

4 "An employer and any employee in a trade, business, or occupation not specified in paragraph 2 of this Section, and any one engaged in a trade, business, or occupation that may not be determined to be hazardous under the operation of paragraph 3 of this Section, may, prior to the accident, voluntarily contract in writing to come under the benefit and protection of the provisions of this act with the same force and effect as though they had been specifically included instead of omitted".

The plaintiff did not allege that, under § 3, he had agreed with the defendants, or that either he or his employer had submitted, at any time, to any competent judge, the question of whether or not his occupation was hazardous. The learned judge of the District Court was of opinion that this agreement and this submission must take place prior to the accident. He said:

"That the agreement must be effected prior to the accident or injury for which compensation is sought is plainly required by Section 3. And that the submission to the Court must also precede the accident results clearly from the provision that the decision of the Court shall not be retroactive. This means that the Court's judgment as to whether or not the contract comes within the provisions of the act affects the relations of the parties in the future, and does not determine what their relations were in the past".

This point was also decided in the same sense by us in the case, already quoted of Dejan vs Ujffy, and a writ of review denied.

Nor does the plaintiff allege that at any time he had

4

contracted with his employer "to come under the benefit and protection" of the Act of 1914.

II. But if our interpretation of this Statute is wrong, then the defendants are entitled to have their exception maintained on their second ground, that plaintiff being of lawful age or over twenty-one years of age, and neither mentally nor physically incapacitated from earning a living, cannot recover under the Act.

§ c of Section 2 of the Act p 52 says:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: a x x x x x x x x x x b x x x x x x x x x x x c. A child or children under the age of eighteen years (or over said age, if physically or mentally incapacitated from earning) upon the parent with whom he is, or they are, living at the time of the injury of such parent".

The allegation of the plaintiff that she is of lawful age precludes her recovery; and the absence of allegation that she is mentally or physically incapacitated from earning a living, makes her petition disclose no cause of action.

III. Section 11 of the Act of 1914 provides:

"That no proceedings under this act for compensation shall be maintained unless a notice of the injury shall have been given to the employer within fifteen days after the accident, or in case of death within thirty days and unless either a claim for compensation with respect to such injury or any payment under Section 8 of this Act shall have been made within six months after the date of the injury or death. Such notice may be given or made by any person claiming to be entitled to compensation or by some one on his behalf".

No notice of any kind is alleged to have been given to the defendants.

The judgment is correct, and it is affirmed.

January 10th, 1921.