[No. 12453.   Department Two.   November 3, 1915.]

THE STATE OF WASHINGTON, *Appellant*, v. BUSINESS
PROPERTY SECURITY COMPANY, *Respondent*.[1]

MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — INCI-
DENTAL BUSINESS—STATUTES.   A company engaged in the business
of managing rental properties, and as incidental thereto, employing
a carpenter, painters and men for electrical work who are constantly
engaged in making alterations for the various tenants in the build-
ings, is engaged in the extra-hazardous business of installing elec-
trical apparatus in buildings, of painting buildings, and of car-
penter work, within the meaning of the workmen's compensation act,
3 Rem. & Bal. Code, § 6604-2; and hence is subject to its provisions
and liable for the premiums due thereunder.

Appeal from a judgment of the superior court for King
county, French, J., entered June 26, 1914, upon findings in
favor of the defendant, dismissing an action to recover prem-
iums under the workmen's compensation act.   Reversed.

*The Attorney General* and *John M. Wilson, Assistant*, for
appellant.

*J. A. Stratton* (*James H. Douglas*, of counsel), for re-
spondent.

MORRIS, C. J.—This action was begun by the state to
recover premiums claimed to be due the industrial insurance
commission.   The complaint alleged that the respondent was
engaged in the extra-hazardous business of installing elec-
trical apparatus in buildings, of painting buildings and
structures, and of carpenter work, all of which occupations
are subject to the provisions of the workmen's compensation
law.   The amount of respondent's pay roll to men so em-
ployed was alleged, and a recovery of premiums based on the
pay roll was sought.   The respondent denied its liability for
premiums, on the ground that the only business in which it
was engaged was the managing and superintending of busi-
ness properties for the owners, including the collection and

[1]Reported in 152 Pac. 334.

disbursing of rentals and maintenance of the buildings; that no part of its business was inherently dangerous or extra-hazardous in any degree, and that no part of its business was within the meaning or spirit of the workmen's compensation law (Laws of 1911, ch. 74, p. 345, 3 Rem. & Bal. Code, § 6604-1 *et seq.*).

The undisputed evidence shows that respondent company owns several large buildings in the city of Seattle, which it manages as office and warehouse buildings for rental. The company employs about forty persons to care for these buildings. Among the employees are janitors, window washers, porters, and others. Two men are principally employed in painting and cleaning. There is an engineer and an assistant engineer who do electrical work and, for a greater part of the time, a carpenter is included in the force. These men are engaged in making alterations for the various tenants in the buildings, and are constantly so employed in such work. The lower court ruled against the commission, and entered a judgment of dismissal, from which judgment the commission has appealed.

The respondent argues that it is not engaged in any of the occupations enumerated in § 2 of the act (Id., § 6604-2), but is engaged in the business of managing rental properties in which the employment of carpenters, painters, and men for electrical work is incidental only; and that, being so engaged, it is not entitled to the benefits of the act, and is therefore not liable for its burdens. These same arguments were put forth by the commission in the case of *Wendt v. Industrial Insurance Commission*, 80 Wash. 111, 141 Pac. 311, and were there decided adversely to the state. The respondent's liability is not to be determined by an answer to the question whether it is *principally* engaged in an extra-hazardous business or in conducting extra-hazardous works, but if it "conducts any department of [its] business, whether large or small, as an extra-hazardous business within the meaning and defined terms of this act, [its] workmen would come within the class

designated by the act,  . . ." *Wendt v. Industrial Insurance Commission, supra.*

A department of respondent's business is clearly the "repair" of buildings, which is one of the occupations stated in the act as extra-hazardous. In this department it employs carpenters, painters, and men in electrical work, all of whom when so engaged are working in employments designated in the act as extra-hazardous. We can see no distinction between the employment here and that in the *Wendt* case, and on the authority of that case, the judgment must be reversed. In justice to the trial court it is only fair to state that this case was tried on June 8, and the decision in the *Wendt* case rendered June 23, 1914.

Judgment reversed.

ELLIS, MAIN, and FULLERTON, JJ., concur.