[No. 22529. Department One. June 10, 1930.]

THOMAS DINGMAN, *Appellant*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent*.[1]

*Phil. K. Eaton,* for appellant.

*The Attorney General* and *Harry Ellsworth Foster,
Assistant,* for respondent.

TOLMAN, J.—On April 29, 1929, appellant entered
the employ of his brother-in-law, one H. E. Stumer, as
a yard-man, handy-man, or man of all work, in and
about a beach resort conducted by Stumer.

It appears that Stumer is the proprietor and opera-
tor of what is known as Beacon Beach Lodge on the
shore of Puget sound in Thurston county. The plant
consists of a considerable tract, mostly wild land, with
about eight acres cleared, upon which are situated
numerous buildings consisting of a hotel with out
buildings and cottages for housing employees and for
rent to paying guests. One of these cottages was oc-
cupied by appellant as a place of residence, and, being

[1]Reported in 288 Pac. 921.

a carpenter by trade, one of the first things he did was to erect a porch on the cottage he so occupied.

It seems to have been contemplated that appellant should be what the name "handy-man" implies; that is, that he should do any and all kinds of work required about the place, cleaning up, repairing, including incidental carpenter work, road building, land clearing and any other manual labor. During the first day of his employment, in addition to building the porch, he swept off the roof of his cottage and cleared out some brush from around it. The second day he was occupied in cleaning up about the other buildings, using to some extent an ax and a brush hook or scythe, thus getting the place ready for workmen who were to come to do repair work of a more substantial nature. The limbs, brush and like debris, which he removed, were hauled by truck and dumped in the road to be later covered by dirt in the course of repairing the road, which was a part of the work necessary to fit the place for the reception of guests. On the third day of his employment, appellant, with a Ford truck, hauled a load of freight from town, and then proceeded with the truck to haul a load of brush to the dumping ground. While there he attempted to crank the truck and, in so doing, received an injury to his right wrist known as a Colles fracture.

Stumer had not reported his pay roll to the department, and the claim presented by appellant was rejected. Upon appellant's application, a rehearing was had before the joint board, with like results. In due time, the appellant appealed to the superior court for Thurston county, the record made before the joint board was sent up, and, after a hearing on the merits, the trial court, in effect, found that the occupation in which appellant was engaged at the time of his injury had not been classified as extrahazardous, and entered

a judgment dismissing the appeal and affirming the order of the department. From this judgment, appellant brings the case to this court for review.

Appellant seems to argue that, as the construction, alteration and repair of buildings and structures, land clearing, and carpenter work are within the act, he should be held to have been employed in one or more of these occupations and his claim should have been allowed accordingly. But, while to a very limited extent, his work may have partaken somewhat of the nature of these industries, so also does the work of most, if not all, handy-men. One so employed may occasionally make repairs to a building or structure, may remove a bush, shrub or a tree, may repair or adjust a door or window, and yet he remains a man of all work. Such a resort, or any place of public entertainment, as well as many private estates and homes, have use for, and no doubt employ, such a man of all work. The legislature and the department, with knowledge of such facts, have not yet seen fit to classify the business of the employer or the work done by the appellant as extrahazardous.

"So it has been consistently held that, although an occupation may be in fact hazardous or extrahazardous, if it has not been so recognized by the legislature in making its classification, or subsequently by the industrial insurance department, there can be no recovery from the compensation fund for injuries received while engaged in such work." *Parker v. Pantages Theater Co.*, 143 Wash. 176, 254 Pac. 1083.

In *Edwards v. Department of Labor & Industries*, 146 Wash. 266, 262 Pac. 973, the authorities were reviewed at length upon facts which cannot be distinguished from the facts in this case. It was there held that, in the absence of the proper classification, employment, though actually hazardous, would not entitle the injured workman to the benefit of the act.

The judgment of the trial court was therefore right, and it is affirmed.

MITCHELL, C. J., MAIN, BEALS, and MILLARD, JJ., concur.