[No. 25058. *En Banc.* April 1, 1935.]

DOMENIC DALMASSO, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1]Reported in 43 P. (2d) 32.

*Palmer, Askren & Brethorst* and *H. W. Haugland,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

MILLARD, C. J.—This is an appeal from a judgment of the superior court sustaining an order of the joint board of the department of labor and industries in rejecting a claim for compensation.

Domenic Dalmasso, the claimant, was the owner of a lot in the city of Seattle, upon which there was an eight or nine room dwelling house. Sometime during the early part of May, 1930, he leased the lot to the View Investment Company, a corporation, for ninety-nine years. One of the clauses of the lease provided that Dalmasso should remove the building from the premises.

For the purpose of making the removal, Dalmasso associated with himself four other men; the understanding being that the building would be demolished, the material thereof sold, and the proceeds equally divided among the five of them. Under this arrangement, they entered upon the demolition of the building, and, after the work had progressed for six or seven days, Dalmasso fell from the second floor to the floor below and sustained a serious injury.

He filed a claim with the department of labor and industries, which was allowed, and payment thereon for time loss of one month was made. Subsequently, the case was reopened and finally resulted in the department of labor and industries rejecting the claim for the reason that Dalmasso was not an employer eligible to coverage under the act.

Prior to the entering upon the demolition of the building, a permit was obtained therefor from the city of Seattle, and application for coverage under the workmen's compensation law was made, Dalmasso filling out the regular form of employer's report of extrahazardous payroll.

■ As above stated, the judgment of the superior court affirmed the order of the department rejecting the claim. Whether this judgment should be sustained depends upon whether Dalmasso, at the time he was injured, was an employer as defined by the workmen's compensation law.

Rem. Rev. Stat., § 7675 [P. C. § 3470], which is one of the sections of the workmen's compensation act, provides that, except when otherwise expressly stated, "employer means any person . . . engaged in this state in any extrahazardous work, . . ." and that workman means every person in this state "who is engaged in the employment of any employer coming under this act. . . ."

That the work of demolishing the house, which was in progress at the time the injury was sustained, was extrahazardous, may be admitted. Dalmasso's business or occupation was not that of wrecking houses. He was a painter by occupation, and engaged in that business as an employee and contractor from time to time.

We see no distinction between this case and the case of *Carsten v. Department of Labor & Industries*, 172 Wash. 51, 19 P. (2d) 133 (with which the author of this opinion does not agree, but by which he is bound, in as much as the majority refuse to overrule same), where it was held that a carpenter employed by an ordinary householder to make repairs or improvements on his property was not a workman engaged in extrahazardous employment, because his employer was not en-

gaged in such employment. In that case, in which the majority held that the householder was not an employer within the contemplation of the act, because he was not engaged in the business of building, the carpenter was employed to assist the householder in the building of a chicken house and during the course of the employment was injured.

In the *Carsten* case, after referring to the case of *Edwards v. Department of Labor & Industries,* 146 Wash. 266, 262 Pac. 973, which held that a truck driver, employed by a wholesale merchant in making heavy deliveries to customers, was not engaged in extrahazardous employment, because the employer was not engaged in the business of trucking, it was said:

"If hauling one's own goods is not the business of transfer, drayage or hauling for hire, then it would seem that a householder, who erects a chicken house on his home property is not, by reason of that act, engaged in the business of building."

If the householder employing a carpenter to assist in the construction of a chicken house was not an employer engaged in extrahazardous work within the contemplation of the workmen's compensation act, because he was not engaged in the business of building, it would seem to necessarily follow that Dalmasso could not be said to be engaged in the business of house wrecking by reason of the fact that he engaged therein in a single transaction. It is true that Dalmasso testified that, subsequent to the time of making the lease upon the property, he had not been very steadily employed, and he was doing "anything in hand that came along." There is, however, no evidence from which it can be said that he was engaged in the business of house wrecking at any time.

Attention is called to the fact that, before the permit for the destruction of the house could be obtained, it

was necessary that there be submitted to the department of labor and industries an estimate of the payroll and the premium thereon paid in accordance with Rem. Rev. Stat., § 7692 [P. C. § 3485]. That section, however, cannot be said to modify or repeal the provision of § 7675, which provides, as above stated and as construed in the *Carsten* case, that employer means any person engaged in this state in any extrahazardous work as a business. Dalmasso, not being engaged in the business of house wrecking at the time he sustained the injury for which he sought compensation, was not covered by the workmen's compensation act.

The judgment will be affirmed.

MAIN, BLAKE, and STEINERT, JJ., concur.

MITCHELL, J. (concurring) — I concur only because the case is controlled by the *Carsten* case, which is contrary to a proper construction of the workmen's compensation act.

TOLMAN, J. (dissenting)—I dissent. As the author of the opinion in *Carsten v. Department of Labor and Industries,* 172 Wash. 51, 19 P. (2d) 133, I am wholly content with the rule there announced, but, in my judgment, this case does not come within that rule.

The appellant Dalmasso, while he may have been a painter all his life, was not, by any rule of law of which I am aware, compelled to continue in that occupation, but was free at any time to depart from it, temporarily or permanently, and engage in any other occupation for so long a time as he might see fit.

In Rem. Rev. Stat., § 7676, is a provision which reads:

"Every employer who shall enter any business, or who shall resume operations in any work or plant after the final adjustment of his payroll in connection therewith, shall, before so commencing or resuming opera-

tions, as the case may be, notify the director of labor and industries of such fact, accompanying such notification with an estimate of his payroll for the first calendar month of his proposed operations, and shall make payment of the premium on such estimated payroll.''

As I read the record in this case, Dalmasso did enter into a business,. an industry in which he employed workmen, the primary purpose of which was to provide a wage for those engaged therein. Perhaps this business was temporary only, but that is immaterial. For the time being, he engaged in the industry of the demolition of a building, employed workmen to aid him in that industry, filed an estimate of his payroll and paid premiums thereon, and, with himself as a working employer and with the four other workmen so employed, he entered upon the demolition of the building.

That the wages were to be paid from the proceeds of salvaged material, does not alter the situation. All so employed were workmen, whether paid a stipulated per diem or paid according to values received from the material salvaged, and in my opinion they were in the employ of an employer coming under the act.

Because of this difference in the facts, I am of the opinion that this case is not ruled by the *Carsten* case, and that the judgment of the trial court should be reversed.

HOLCOMB and BEALS, JJ., concur with TOLMAN, J.

GERAGHTY, J. (dissenting) — In my opinion, Dalmasso was an employer, qualified himself as such with the department, and is entitled to the benefit of the workmen's compensation act.