[No. 25541. Department Two. July 3, 1935.]

MARY JOHNSON, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*P. M. Kane* and *John Wilkinson*, for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

HOLCOMB, J.—This appeal is from a judgment of the trial court dismissing the claim of appellant and denying any recovery for the accidental death of her husband, Peter Johnson, deceased. The cause was before the trial court on appeal from a decision of the joint board of the department sustaining an order of the supervisor which was based upon the ground that, at the time of the injury, the occupation of the deceased was that of wood-cutting incidental to farming, and not within the scope of the workmen's compensation act.

The facts were not in dispute and may be briefly summarized as follows: The deceased, Johnson, with his wife, had for thirty years resided on a farm in Clark county. On a neighboring farm was another

[1]Reported in 47 P. (2d) 6.

elderly couple, who had there resided for forty years or so. Their farm consisted of forty acres, approximately fifteen acres of which were cleared and in cultivation, the balance being slashed with a few remaining trees of old growth in isolated places.

For about five years, one Larson, grandson of the owners of that farm, had rented the place and occupied and cultivated it for general farming purposes. The land under cultivation not being sufficient to require all of his time, he engaged in work upon the roads, and in his spare time slashed and cleared additional land on the farm. Of the original growth of timber on the premises, there remained five or six trees of white fir suitable for pulp-wood, but. not for fuel, around which a dense growth of brush grew, which made it necessary to cut the trees as well as to slash the brush and make it accessible for pasture purposes.

In the summer of 1933, one Vike offered to buy of Larson the white fir wood for two dollars per cord if it were cut into pulp-wood lengths and split. To this, Larson agreed and proceeded to fell the trees, cutting the same into pulp-wood lengths. Before completing the work, he became ill, and to fulfill his agreement with Vike, he procured the two sons of the deceased to split the remainder of the wood and agreed to pay them twenty-five cents per cord. The two sons entered upon the work, and after some time, the deceased, having some harrowing he wished done on his own farm and being crippled so as to be unable to follow the team, required the younger son to remain at home to do the harrowing while he took that son's place in splitting the wood. The second day he sustained the injury which resulted in his death. He had made no arrangements with Larson for wages, nor was there an agreement with him to perform the work of splitting the wood. Larson was making his

living from farming. The cutting of the pulp-wood was but incidental in the removal of the trees from his pasture.

The widow filed her claim for pension under the workmen's compensation act, which was rejected for the reasons stated.

On appeal, appellant asserts that there were two propositions presented to the lower court and which are presented here for determination, namely: (1) That claimant's deceased husband was an employee within the meaning and the defined terms of the act at the time he received the injury which caused his death; and (2) that the occupation of the deceased was within the scope of the workmen's compensation act at the time he received the injury.

The lower court did not decide the first proposition, but, for the purposes of the case, assumed that the deceased was such an employee within the meaning of our statutes relating to industrial insurance, but held against claimant upon the second contention.

Nine errors are assigned by appellant why the judgment of the trial court should be reversed, but they all resolve into the ultimate question held on the second contention by the trial court.

It should now be regarded as settled that a workman, to come within the protection of the workmen's compensation act, must be in the employ of an employer who is engaged in extrahazardous work for profit, or as a business or industry. *Amsbaugh v. Department of Labor and Industries*, 128 Wash. 692, 224 Pac. 18; *Edwards v. Department of Labor and Industries*, 146 Wash. 266, 262 Pac. 973; *Dingman v. Department of Labor and Industries*, 157 Wash. 336, 288 Pac. 921; *Thurston County Chapter, American National Red Cross v. Department of Labor and Industries*, 166 Wash. 488, 7 P. (2d) 577; *Sheldon v.*

*Department of Labor and Industries,* 168 Wash. 571, 12 P. (2d) 751; *Carsten v. Department of Labor and Industries,* 172 Wash. 51, 19 P. (2d) 133; *Denny v. Department of Labor and Industries,* 172 Wash. 631, 21 P. (2d) 275; *Dalmasso v. Department of Labor and Industries,* 181 Wash. 294, 43 P. (2d) 32; *Jannak v. Department of Labor and Industries,* 181 Wash. 396, 43 P. (2d) 34.

One of the errors claimed by appellant is that the decision of the trial court was contrary to the decision of this court in *State v. Business Property Security Co.,* 87 Wash. 627, 152 Pac. 334. We consider that there is no similarity between this case and that. In that case, a company, engaged in the business of managing rental properties and as incidental thereto, employed a carpenter, painters and men for electrical work, who were constantly engaged in making alterations for tenants in the building, was held to be engaged in the extrahazardous business of installing electrical apparatus in buildings, of painting buildings, and of carpenter work, within the meaning of the workmen's compensation act, and hence, subject to its provisions and liable for the premiums due thereunder.

The statute relied upon by appellant, Rem. Rev. Stat., § 7676(a), Class 50-1, among other things, includes ''cutting wood and bolts'' and prescribes an industrial insurance premium rate upon the payroll of such an industry. No premiums or assessments are prescribed for the farming industry or can be collected. It has not been classified as an extrahazardous occupation by the legislature, nor included by the department of labor and industries as an extrahazardous employment. The cutting of five or six trees into pulp-wood cannot be said to be the principal industry of a farmer who cut the same for the primary purpose

of clearing his land, although the trees were afterwards sold for two dollars per cord.

This case is governed by our statute and by our own decisions above cited.

Our conclusion is that the trial court was right in affirming the orders of the department that the occupation of the deceased was not within the scope of the workmen's compensation act at the time he received the injury.

The judgment is affirmed.

MAIN, STEINERT, BLAKE, and MITCHELL, JJ., concur.