[No. 32126. Department One. November 20, 1952.]

OLAF NYLAND, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 250 P. (2d) 551.

*The Attorney General* and *Walter F. Robinson, Jr., Assistant*, for appellant.

*Roy E. Jackson* and *Thor P. Ulvestad*, for respondent.

DONWORTH, J.—This appeal presents the sole question whether a person engaged in the business of fishing (which is not covered by the workmen's compensation act) who hires others to labor in the extrahazardous employment of building a boat for use in his fishing business, is an employer within the meaning of the act.

Since 1912 or 1913, William E. Melzer has been a commercial fisherman. In 1944 and 1945, with the aid of carpenters, shipwrights, and other workmen employed by him, he built an eighty-foot seine boat, the Windward, for use in his fishing operations. Plaintiff was one of the workmen employed in construction of the Windward. The boat was built on the beach near Edmonds, and during its construction Mr. Melzer paid industrial insurance premiums to the department of labor and industries.

In 1949, Mr. Melzer hired plaintiff as his foreman for the construction of a forty-eight-foot fishing boat, the Homeward, to be used in his fishing operations. The Homeward was built alongside the Melzer home at Richmond Beach and was trucked to Edmonds for launching when completed. The workmen employed in its construction furnished their own tools.

Mr. Melzer did not report his construction of the Homeward to the department of labor and industries and paid no industrial insurance premiums for any of the workmen employed in its construction.

Plaintiff suffered a knee injury in the course of his employment and filed a claim with the department. His claim was rejected on the ground that he was not covered by the workmen's compensation act.

Upon appeal, the board of industrial insurance appeals sustained the department order rejecting the claim. Plaintiff next appealed to the superior court of King county,

where, sitting without a jury, the court heard the appeal and entered a judgment reversing the board's decision and directing that the claim be allowed. The department has appealed to this court.

Is respondent, under the undisputed facts of this case, a workman entitled to compensation under the workmen's compensation act? The determination of that question depends upon whether Mr. Melzer is an employer under the act. Fishing is not one of the extrahazardous businesses covered by the act, while shipbuilding is.

It is not contended that respondent was an independent contractor, and if he is to come under the act, it can only be by reason of the following definition of a "workman":

"Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment. . . ." Laws of 1939, Ch. 41, § 2, p. 123. (cf. RCW 51.08.180.)

Whether respondent is a workman under the act, therefore, depends upon whether Mr. Melzer is an employer as defined therein.

The definition of an "employer" is as follows:

"Except when otherwise expressly stated, employer means any person, body of persons, corporate or otherwise, and the legal personal representatives of a deceased employer, all while engaged in this state in any extra-hazardous work, *by way of trade or business, or who contracts with one or more workmen, the essence of which is the personal labor of such workman or workmen, in extra-hazardous work.*" (Italics ours.) Laws of 1939, Ch. 41, § 2, p. 122. (cf. RCW 51.08.070.)

The italized portion was added in the 1939 amendment.

We had occasion to construe this definition of "employer" in *Craine v. Department of Labor & Industries*, 19 Wn. (2d) 75, 141 P. (2d) 129, which was decided in 1943. The legislature has not since that decision changed the 1939 definition of employer. In not doing so, we think, it has acquiesced in our interpretation of the 1939 amendment, and we are bound by our decision in the *Craine* case.

In that case, we held that a householder who was not engaged in construction work as a business but who employed a workman to assist him in building a house for himself, was not an employer coming under the act. We also interpreted the 1939 amendment as expressly approving the rule laid down in *Carsten v. Department of Labor & Industries,* 172 Wash. 51, 19 P. (2d) 133; *Dalmasso v. Department of Labor & Industries,* 181 Wash. 294, 43 P. (2d) 32; and *Jannak v. Department of Labor & Industries,* 181 Wash. 396, 43 P. (2d) 34, wherein we held that, in order to be an employer coming under the act, one must be engaged, *as a regular business,* in the type of extrahazardous work involved.

We said:

"Reverting to the first clause of the 1939 amendment, defining employer, we find it qualified by the phrase 'by way of trade or business.' This is the very limitation placed by the decisions upon the definition of employer as contained in the 1929 act. In view of this qualification contained in the 1939 amendment and in view of the fact that the definition of employer as contained in the second clause of the 1929 act is in no sense broadened, we are convinced that the legislature had no intention of abrogating or modifying the rule of construction laid down in the *Carsten, Dalmasso,* and *Jannak* cases."

See, also, *Pitts v. Department of Labor & Industries,* 30 Wn. (2d) 129, 191 P. (2d) 295.

It is apparent in this case that Mr. Melzer is not engaged in shipbuilding as a regular business; his business is fishing, which is not under the act. His construction of two boats for use in his fishing operations cannot, we think, be distinguished from a householder's construction of a dwelling house for himself.

Respondent relies upon *Wendt v. Industrial Ins. Commission,* 80 Wash. 111, 141 Pac. 311; *State v. Business Property Security Co.,* 87 Wash. 627, 152 Pac. 334; and *Berry v. Department of Labor & Industries,* 11 Wn. (2d) 154, 118 P. (2d) 785, 140 A. L. R. 392. In the first two of these cases, the employer, although not engaged in an extrahazardous

business, maintained a department in which workmen were *regularly* employed to perform extrahazardous work. We held that, with relation to those employees, the employer was under the act.

Mr. Melzer, in constructing two boats at widely separated times for use in his fishing business, cannot be said to have regularly employed workmen in extrahazardous work.

The *Berry* case involved a farmer who had also regularly engaged in commercial trucking as a business. At the time of the accident for which his employee claimed compensation under the act, he was again engaged in the extrahazardous business of trucking for hire. The case is not in point.

The judgment is reversed, and the cause remanded with directions to dismiss respondent's appeal from the order of the board of industrial insurance appeals.

MALLERY, WEAVER, and OLSON, JJ., concur.

GRADY, J. (dissenting)—I am inclined to the view that the conclusion reached by the majority opinion finds justification by what was decided in *Craine v. Department of Labor & Industries*, 19 Wn. (2d) 75, 141 P. (2d) 129, and other cases. I was not in accord with the decision reached in the *Craine* case, as I believed, and still believe, that the statute defining "employer" was not properly construed and applied to the factual situation then before the court.

The original workmen's compensation act, chapter 74 of the Laws of 1911, p. 345, defined "employer" as one "engaged in this state in any extra hazardous work." By the definition of "workman," it was made clear that the extrahazardous work referred to was that classified as such in § 4 of the act. This would necessarily lead to the conclusion that, in order to be affected by the act, an employer would have to be engaged in carrying on or conducting one of the industries scheduled or classified in the act as extrahazardous. He would have to be so engaged as his business. The definition of "employer," considered in con-

nection with the definition of "workman," excluded the idea that those who performed casual or occasional work for another, even though such work be classified as extra-hazardous, were covered by the act.

By chapter 182 of the Laws of 1921, p. 719, the single aspect definition of "employer" was changed into one of double import by the use of the following words:

". . . employer means any person, body of persons, corporate or otherwise, and the legal personal representatives of a deceased employer, all while engaged in this state in any extra-hazardous work *or who contracts with another to engage in extra-hazardous work.*"

The italicized words were added to the former definition of employer. The definition of "workman" was changed to include the dual features as follows:

"Workman means every person in this state, who is engaged in the employment of an employer coming under this act whether by way of manual labor or otherwise, . . ."

Chapter 132 of the Laws of 1929, p. 325, carried forward the same definitions of "employer" and "workman."

In the case of *Carsten v. Department of Labor & Industries*, 172 Wash. 51, 19 P. (2d) 133, a majority of the court, by a process of construction, read out of the definition of "employer" the second part thereof, namely the words "or who contracts with another to engage in extra-hazardous work," and gave them no consideration. The reason given was that, because of certain administrative difficulties connected with the administration of the act, such as collection of premiums, etc., it was thought that the legislature could not have intended to bring within the act the odd-job man, or the man employed on occasions by an ordinary householder to repair or improve his property, though admitting that temporary or casual employment of a workman by one engaged in an extrahazardous business as defined by statute would be included. If this case had been decided under the original act defining "employer," the conclusion would have been correct.

It is quite evident to me that, when the words quoted

above were added to the original definition of "employer," the legislature intended to and did include casual employment if the work done was in the extrahazardous class, even though the administrative difficulties referred to in the *Carsten* case might exist. Their existence furnished no reason to ignore or disregard a part of the legislative enactment. The *Carsten* case was followed in subsequent cases.

With the foregoing misconstruction and misapplication of the definition of the word "employer" before it, the legislature, by § 2 of chapter 41 of the Laws of 1939, p. 122, redefined the word "employer" as follows:

"Except when otherwise expressly stated, employer means any person, body of persons, corporate or otherwise, and the legal personal representatives of a deceased employer, all while engaged in this state in any extrahazardous work, by way of trade or business, or who contracts with one or more workmen, the essence of which is the personal labor of such workman or workmen, in extrahazardous work."

Notwithstanding this redefinition with a further emphasis placed upon the dual features of previous definitions, this court, in *Craine v. Department of Labor & Industries*, 19 Wn. (2d) 75, 141 P. (2d) 129, again read out of the statute one of the dual features and applied the doctrine of the *Carsten* and other cases. This was met by a protest on the part of three members of the court.

It has always been very plain to me that the definition of "employer" as set forth in the acts of 1921, 1929, and 1939 covers two situations: where one is engaged in any extrahazardous work, and where one contracts with a workman to do extrahazardous work. The first instance applies to those who are engaged in extrahazardous work as a business, and the second to anyone who hires a workman to do extrahazardous work for him, even though his business is not extrahazardous. It seems to me the added words used in the act of 1939 make this very plain, and that the legislature has not been concerned about the administrative difficulties in collecting premiums from employers who fall in

the second class covered by the statute. It is interesting to note in this connection that neither Melzer nor the department found any administrative difficulty in so far as the construction of the boat Windward was concerned.

I am in accord with the view many times expressed that when an appellate court construes a statute and thereafter one or more sessions of the legislature follows, and no amendment is made to such statute, it furnishes strong evidence in support of the construction given. The legislative history outlined indicates the legislature did not acquiesce in the construction placed upon the acts of 1921 and 1929, because it enacted chapter 41 of the Laws of 1939. The failure of the legislature to further act after the *Craine* case was decided, indicates to my mind that it did not desire to continue the endurance contest with the court, and should not be considered as an acquiescence in the construction of the statute. It would have been difficult, if not impossible, to have defined "employer" by words which would have satisfied some members of the court as then constituted.

Melzer was an employer in that he employed respondent to do extrahazardous work for him in the construction of the boat Homeward, and his fishing business has nothing to do with the right of respondent to compensation.

We should overrule the *Craine* case in so far as it fails to apply the second part of the definition of "employer," and affirm the judgment.