[No. 41979.    En Banc.    November 2, 1972.]

CHARLES R. BALMER et al., *Appellants*, v. HOWARD L. DILLEY et al., *Respondents*.

THAD TAYLOR, SR., *as Administrator, Appellant*, v. HOWARD L. DILLEY et al., *Respondents*.

*Bianchi & Tobin*, by *Gordon R. Tobin*, for appellants.

*Nashem, Prediletto & Brooks* and *Norman R. Nashem, Jr.*, for respondents.

HUNTER, J.—On December 16, 1969, a 1-car accident oc-

curred near Vantage, Washington on Highway 90 at about 8 p.m. Thad Taylor, Jr. and David Balmer were killed.

Several days before the accident the two boys and the defendant (respondent), Steven H. Dilley, had formed a plan to go to Wenatchee to visit mutual friends. All of the boys lived in or near Royal City.

On the evening of the accident they met about 6 p.m. at the Taylor residence. Soon thereafter they purchased some rims in order to put snow tires on the defendant's automobile. Each of the two boys, now deceased, also bought $3 worth of gasoline for the defendant's automobile. They then went to Vantage where the two boys worked in a service station. The tires were mounted on the rims which they had purchased, but it was found that the rims would not fit the car. Consequently, they put the worn rear tires back on the automobile and started toward Wenatchee. The vehicle was then equipped with two front tires which were good and two rear tires which were worn.

The car had crossed the Vantage bridge going to the service station, and then crossed again in starting toward Wenatchee. They went up a long hill going easterly from the bridge. The accident scene was a short distance after they had passed the crest of the hill.

The speed of the vehicle was in dispute. None of the boys had been drinking. The defendant was starting to pass a large truck when he lost control and went into a guardrail producing the fatal accident.

This action was instituted by the parents of both deceased boys under RCW 4.24.010 (known as the wrongful death statute), and by the personal representatives under RCW 4.20.046 (known as the survival statute). The matter was tried to a jury, whereupon a verdict was returned for the defendant. After motions for judgment notwithstanding the verdict and for new trial were overruled, the judgment was entered dismissing the action with prejudice. The plaintiffs appealed. The Balmer action was subsequently settled and we are only concerned with the Taylor action. Thad Taylor, Sr., as administrator of the estate of Thad

Taylor, Jr., and Thad Taylor, Sr. and Sylvia Taylor, husband and wife, as parents, are the plaintiffs (appellants).

The plaintiffs contend the trial court erred in giving the instruction on contributory negligence of the boys, the deceased passengers in the car. We agree. The record shows it had snowed earlier in the day of the accident. While the highway from Royal City to Vantage was free of snow, there was snow and slush on the Vantage bridge which the boys crossed before going to the service station in Vantage, and they were aware of the desirability of having snow tires for the trip.

■ This record, however, does not show beyond speculation that the accident which subsequently ensued was proximately caused by the worn tires. There was evidence that the car skidded and veered into a guard rail; also, that in starting to pass a large truck, slushy snow was thrown upon the windshield of the death car in such quantity as to have temporarily blinded the driver, causing him to lose control. The driver could have placed his brakes on with such suddenness that the car would have veered into the guardrail irrespective of the worn tires, particularly if traveling at an unusual speed. We believe that to say the worn tires were the proximate cause of the accident would be resorting to speculation under this record. Moreover, the act of the boys riding in a car with worn tires on slushy snow roads does not in itself constitute contributory negligence. As passengers they were entitled to rely upon the driver to operate his car with a higher degree of care, in a more cautious manner, knowing that he knew the rear tires were worn and that he was aware of the hazards of the slush and snow on the roadway. Moreover, no rule of the road has been cited to have been violated by the operation of a car with worn tires under these circumstances.

The judgment entered upon the jury verdict for the defendant should therefore be reversed and a new trial granted the plaintiffs.

For the guidance of the court and counsel upon the retrial

of the case, we will consider the plaintiffs' remaining assignments of error.

The plaintiffs contend the trial court erred in failing to instruct the jury in the survival action on damages as to evidence of loss of future earnings.

■ We discussed the right of the jury to consider this element of damages in *Warner v. McCaughan*, 77 Wn.2d 178, 460 P.2d 272 (1969), and there considered the elements of damages available under the survival statute, RCW 4.20.046:

> (1) All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section: *Provided, however,* That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased.

We there held that under this statute all causes of action of a deceased survive, and are assignable, which include all elements of damage except those enumerated in the proviso of the statute, "pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased." We cited with approval *Hudson v. Lazarus*, 217 F.2d 344, 348 (D.C. Cir. 1954), quoting therefrom the following:

> We think a disability is not, in itself, "pain and suffering." It is not within the ordinary meaning of those words and we see no reason to think Congress used the words in a special sense. A disabled man may or may not suffer pain. Even if he does, after his death his administrator cannot recover for his pain and suffering. But in our opinion his administrator may recover for his disabilities.
> (3) *Permanent loss of earning power is usually the chief economic harm caused by a permanent injury. If Hudson in his lifetime had recovered judgment in this*

*action, his damages would have included an allowance for prospective loss of earnings during his normal life expectancy, discounted to present worth, and with such other adjustments as the facts may require.* When he died his right to these damages passed under the Survival Act to his administratrix, the present appellant, for the Act provides that the injured person's right of action for physical injury "shall survive  *  *  *  except for pain and suffering".

(Italics ours.)

In this state, were the decedent theoretically able to bring the action, he would have been entitled to recover damages for loss of future earnings during his normal life expectancy, discounted to present worth, with such other adjustments as the facts may require. His personal representative was therefore entitled to recover, under the survival statute, for this element of damage and the jury should be so instructed on damages upon the retrial of this case.

The defendant argues, however, that the recovery of damages for loss of wages should be limited to gross earnings, less the decedent's living expenses had he survived, or limited to his expected accumulations over and above all of the decedent's expenditures during his lifetime had he lived. The same issue was resolved by this court in the recent case of *Hinzman v. Palmanteer,* 81 Wn.2d 327, 501 P.2d 1228 (1972). We there held that the measure of damages in determining the lost earning capacity of a decedent, had he lived, should be as follows:

> The probable worth of the decedent's future net earnings had he lived to his normal life expectancy. Personal expenses are deducted from gross earnings to reach the net.

The jury should accordingly be further instructed at the retrial.

■  The plaintiffs contend the trial court erred in failing to instruct the jury on damages in disallowing recovery under the wrongful death act, RCW 4.24.010, for loss of companionship and injury to, or destruction of, the parent-child relationship beyond the age of the child's minority.

We agree. There is no period limitation in the statute as to the recovery of damages for the loss of companionship of a child, or injury or destruction to the parent-child relation. The jury should not be limited to consider recovery for these damages for the period of the decedent's minority.

The plaintiffs assign error to the refusal of the trial court to permit two state troopers to testify as expert witnesses.

■ The qualifications of expert witnesses are to be determined by the trial court. It is within the sound discretion of the court, and rulings on such matters will not be disturbed except for a manifest abuse of discretion. *Czarecki v. Seattle & S.F. Ry. & Nav. Co.*, 30 Wash. 288, 70 P. 750 (1902).

In *White v. Fenner*, 16 Wn.2d 226, 244, 133 P.2d 270 (1943), we said:

> Whether or not a witness is qualified to testify as an expert upon a particular subject is largely within the discretion of the trial court, and the appellate court will not disturb the ruling of the trial court unless its discretion has manifestly been abused.

(Citations omitted.)

In the present case we find adequate evidence upon which the questioned rulings of the trial court can be supported and we therefore cannot say the trial court manifestly abused its discretion in not permitting the two state troopers to testify as expert witnesses.

The judgment of the trial court entered upon the jury verdict for the defendant is reversed and a new trial is granted the plaintiffs.

HAMILTON, C.J., ROSELLINI, HALE, and WRIGHT, JJ., concur.

NEILL, J. (concurring in part, dissenting in part)—I concur in the granting of a new trial and most of the rationale of the majority opinion,[1] but dissent from that part of the

---

[1] Although not applicable to this 1969 accident, attention should be called to the enactment by the legislature of Laws of 1971, ch. 77, § 3 (RCW 46.37.425) relating to standards of tire tread and condition.

majority opinion which confers a claim for damages under RCW 4.24.010 extending beyond the decedent's age of majority.

The portion of the statute which extends recovery in these cases to include damages for "loss of love and companionship of the child and for injury to or destruction of the parent-child relationship" is unequivocally tied to the preexisting portion wherein the cause of action is established, having express reference back to "such an action." Under that section, the term for which ongoing losses could be recovered was uniformly limited to the term of minority. *Lockhart v. Besel,* 71 Wn.2d 112, 426 P.2d 605 (1967); *Skeels v. Davidson,* 18 Wn.2d 358, 139 P.2d 301, 149 A.L.R. 225 (1943); *Skidmore v. Seattle,* 138 Wash. 340, 244 P. 545 (1926). Our prior construction of the statute requires some affirmative action by the legislature to extend the time for which such losses are recoverable. *Pringle v. State,* 77 Wn.2d 569, 464 P.2d 425 (1970); *Nyland v. Department of Labor & Indus.,* 41 Wn.2d 511, 250 P.2d 551 (1952). The majority opinion perceives a lack of period limitation in the express language of the statute, and on that premise concludes that no such limitation exists. The conclusion is contrary to this court's own precedent, both as to the existence of a period limitation and as to the effect of legislative acquiescence in this court's prior judicial constructions.

Assuming the majority opinion will be controlling precedent for future cases, I see this portion of that opinion as having harmful impact. Now, loss of services damages are open-ended, as are all other wrongful death damages of continuing nature. In my view, that is an invitation to conjecture that exceeds the ability of legal rules to control. The majority states no reasons, and I perceive none, to support such radical departure from existing law.

STAFFORD, J., and OTT, J. Pro Tem., concur with NEILL, J.